THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| COWS, INC., | ) | Case No. 2:05CV00524 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| VIACOM INTERNATIONAL, INC., ET AL., | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

COWS, Inc. is a Canadian corporation with thirteen stores in Canada and one store in Park City, Utah.  In addition to ice cream, COWS sells t-shirts, mugs, caps, etc., "featuring parodies of popular culture and caricature images of COWS with humorous word play."  Compl. ¶ 11.  Defendants (collectively "Viacom") own trademarks in both Canada and the United States to the television programs and motion pictures "Spongebob Squarepants", "Survivor", and "The Amazing Race".  Viacom asserts that COWS's graphics using the word play "MOOVIVOR", "SPONGECOW SQUAREMOO" and "AMOOZING RACE", constitute trademark and copyright infringement, false designation of origin and trademark dilution.  COWS seeks this Court's declaratory judgment to the contrary.  Shortly after this case was filed, Viacom filed a similar case in Canadian Federal Court.

Viacom moves to dismiss, or alternatively to stay, this action asserting that the court has discretionary jurisdiction in declaratory judgment actions which should not be exercised in this instance.

## II.  DISCUSSION

### A.  Dismissal

"[A] district court has discretion to withhold its exercise of jurisdiction over 'declaratory judgment actions.'"[1] In exercising that discretion, the court is guided by two considerations: "Will a declaration of rights, under the circumstances, serve to clarify or settle legal relations in issue?  Will it terminate or afford relief from the uncertainty giving rise to the proceeding?[2]  If the answer to these questions is yes, a court should retain jurisdiction over the case.[3]  Factors to consider in determining whether to exercise jurisdiction in a declaratory judgment action include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations as issue; [3] whether the declaratory remedy is being used merely for the

---

[1]*United States v. City of Las Cruces*, 289 F.3d 1170, 1180 (10th Cir. 2002).

[2]" *State Farm Fire & Cas. Co. V. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

[3]*Id.*

purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[4]

A further consideration, although the issue has not been decided in this circuit, is whether the presence of a federal question militates against dismissal.[5]  Courts in other circuits have held that a district court should consider the presence of federal questions when deciding whether to dismiss a declaratory judgement suit.[6]

Against this backdrop, the Court concludes that dismissal of this action would be an inappropriate exercise of the Court's discretion.  This case presents a question of United States

---

[4]*Id.*, 31 F.3d at 983 (citing *Allstate Ins. Co. v Green*, 825 F.2d 1061, 1063 (6th Cir. 1987).

[5]*See City of Las Cruces*, 289 F.3d at 1184 ("In *Wilton*, the Court specifically reserved the question of whether the presence of a federal question deprives a district court of discretion to refuse jurisdiction. ... This court need not decide whether the presence of a federal question renders the exercise of *Brillhart* discretion inappropriate because appellants have not demonstrated that issues of federal law will arise in the federal action").

[6]*See, e.g., Prudential Ins. Co. of America v. Doe*, 140 F.3d 785, 790 (8th Cir. 1998)(presence of federal claim not present in state action supports a denial of abstention); *Youell v.Exxon Corp.*, 74 F.3d 373, 376 (2d Cir.), *cert. denied*, 517 U.S. 1251 (1996) (district court abused its discretion in dismissing declaratory judgment action that raised novel issue of federal law).

trademark law that will  not be settled or clarified by the application of Canadian trademark law in a Canadian court. Accordingly, an alternative remedy is not available to afford COWS the relief requested.  And although Viacom alleges that COWS raced to the courthouse to gain some procedural advantage, the evidence presented is inconclusive.

### B.  Stay

"Federal courts have the inherent power to stay an action based on the pendency of a related proceeding in a foreign jurisdiction."[7]  In determining whether to stay proceedings pending the outcome of a foreign action, courts consider the following factors: "1) similarity of parties and issues involved in the foreign litigation; 2) the promotion of judicial efficiency; 3) adequacy of relief available in the alternative forum; 4) issues of fairness to and convenience of the parties, counsel, and witnesses; 5) the possibility of prejudice to any of the parties; and 6) the temporal sequence of the filing of the actions."[8]

On balance, the Court is of the opinion that the parties are better served by staying this action in favor of the Canadian case.

---

[7]*Nat'l Union Fire Ins. Co. V. Kozeny*, 115 F. Supp. 2d 1243, 1246 ( D. Colo. 2000).

[8] *Id.* at 1247 (and cases cited therein).

The parties in each case are essentially the same as are the issues.  The Court's view is not swayed simply because this case was filed just over a month earlier than the case in Canada.  COWS is a Canadian corporation which conducts most of its business in Canada.   The bulk of the controversy between the parties necessarily must focus on COWS' alleged infringement under Canadian law.   Therefore, from a  practical standpoint,  the course and outcome of the litigation in Canada appears more significant than this case for all parties involved.  Judicial efficiency favors proceeding before one tribunal at a time, thus avoiding duplicative discovery and undue burden to  parties, counsel and witnesses.  And as Viacom suggest, most of COWS' witnesses and documents are likely to be located in Canada.  Further, even though a Canadian court cannot resolve the ultimate issue of United States law pending before this Court, as Viacom also suggests, it most certainly can affect the resolve of either or both sides to ultimately pursue this case to trial.  Finally, any prejudice to COWS is mitigated by the  reserved opportunity it has to return to this court once the Canadian litigation is concluded.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied and their alternative Motion to Stay is granted.

Accordingly, **IT IS HEREBY ORDERED** that:

This case is stayed pending the outcome of the parallel litigation in Canada.

DATED this 16th day of November,2005.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT